23 C.C.P.A. (Patents)

## In re MOSHER.

### Patent Appeal No. 3544.

Court of Customs and Patent Appeals.
Nov. 25, 1935.

Charles A. Morton, of Brooklyn, N. Y., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of. Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting all of the claims of appellant's application for lack of invention in view of the cited prior art. The claims here involved are Nos. 1 to 10, inclusive.

Claims 1 and 4 are illustrative, and read as follows:

"1. In a doughnut machine and in combination a cooking vat having a deep portion and a shallow portion, one doughnut conveyor in each of said portions, turning mechanism between said conveyors, and means for actuating said turning mechanism to transfer doughnuts from said deep portion to said shallow portion and to simultaneously overturn said doughnuts."

"4. A doughnut machine comprising a cooking vat having a deep portion and a shallow portion, a submerged conveyor in said deep portion, an elevated conveyor in said shallow portion, turning mechanism between said conveyors, means for actuating said turning mechanism to transfer doughnuts from said deep portion to said shallow portion and to simultaneously reverse said doughnuts, and means for actuating said conveyors and said turning mechanism in timed relation, said means comprising a reciprocable lever and connections between said lever and said conveyors and mechanism whereby movement of said rod in one direction moves said turning mechanism and movement in the opposite direction moves said conveyors."

The nature of the claimed invention is sufficiently recited in the claims above quoted.

Appellant claims that by his structure a large saving in cooking grease is made possible compared with the grease used in machines in the prior art, and he also claims that his invention avoids rancidity of the grease used in cooking doughnuts in a doughnut machine.

The references relied upon are: Roehl et al., 1,823,409, September 15, 1931; Roehl, 1,834,182, December 1, 1931.

The patent to Roehl et al., No. 1,823,-409, relates to a doughnut machine. The specification and drawings disclose a tank with deep and shallow portions. In the deep portion there is shown a submerged conveyor, and in the shallow portion two conveyors, with a turnover device between them. The patent states: "Changes in the specific form of our invention, as herein disclosed, may be made *within the scope of what is claimed* without departing from the spirit of our invention." (Italics ours.)

While the drawings disclose three conveyors, as aforesaid, and the specification describes them with a turnover device between the two conveyors in the shallow portion, claims 1 and 2 of the patent read as follows:

"1. A doughnut machine comprising a tank, two conveyors for moving the doughnuts along said tank, a turn-over paddle disposed between said conveyors, said paddle including a shaft and a pair of op-

positely directed paddle members secured to said shaft in offset relation to one another to form rests on opposite sides of said shaft.

"2. A doughnut machine comprising a tank, two conveyors for moving the doughnuts along said tank, a turn-over paddle disposed between said conveyors said paddle including a shaft, a pair of paddle members secured to said shaft on opposite sides thereof for engaging the doughnuts, said shaft forming a rest for the edge of the doughnut for supporting the same during the over-turning thereof."

It will be noted that the above-quoted claims refer to only two conveyors in the tank with a turnover device interposed between them. Claim 3 of said patent refers to a conveyor submerged in the tank and a second conveyor disposed without the tank. This claim does not contain the element of a turnover device between the conveyors. Claim 4 of the patent refers to only one conveyor positioned above the tank.

The patent to Roehl, No. 1,834,182, relates to a device for turning over the doughnuts during the process of cooking in a doughnut machine.

Claims 4 and 5 of appellant's application detail turnover mechanism similar to that shown in said last-named patent.

■ In appellant's application the dimensions of the tank and conveyors are not shown; furthermore, the references do not give the dimensions of the tanks and conveyors therein described.

During the progress of appellant's prosecution of his application before the Examiner, he filed an affidavit which, among other things, set out the dimensions of the tank of the doughnut machine marketed commercially, embodying the construction of the Roehl et al. patent, No. 1,823,409, and also set out the dimensions of the machine disclosed in his (appellant's) application, contending that his machine was 3 feet shorter than the Roehl et al. machine, had only 75 per cent. of the grease capacity of said machine, but that his machine had the same doughnut capacity as said Roehl et al. machine. Both the Examiner and the Board of Appeals declined to consider said facts contained in the affidavit as bearing upon the patentability of appel-

lant's claims. Upon this point the Board in its decision stated:

"As to this affidavit the Examiner states that the proportion or size of applicant's device and the comparative proportions of Roehl's product were not of record in the original specification. In the original specification it was stated in substance that the principal advantage of applicant's arrangement lies in the fact that a large saving of cooking grease is made possible by virtue of the overhead conveyor device for substantially half the length of the doughnut machine, permitting the use of a shallower pan or vat than is required where both of the conveyors are submerged. It is further stated in the original specification that one of the conveyors formerly used at the receiving end of the machine is eliminated and only two conveyors in all are employed, one at the receiving end and the other at the delivery end.

"Any disclosure of particular size and proportions other than those set out in the original specification would constitute new matter if incorporated in the present disclosure and cannot be considered as a part thereof. * * *"

We are in agreement with these views of the Board, and are of the opinion that we may not consider said affidavit respecting the relative size of the tanks disclosed by appellant and by the references.

■ It will be observed that claim 1 of appellant's application recites one doughnut conveyor in each of the deep and shallow portions of the tank. Most of the other claims recite "a submerged conveyor" and "an elevated conveyor." Claim 6 does not recite any conveyor at all, but does recite the position of the turnover device between the deep and shallow portions of the tank. It was the view of the Examiner that, while claim 1 limited the device claimed to one conveyor only in the deep portion and one conveyor only in the shallow portion of the tank, the other claims were not so limited, and so included a structure having more than one conveyor in either or both of said tank portions.

As to claim 1, he held that it would not involve invention to eliminate one of the conveyors shown by Roehl et al., No. 1,823,409, in the shallow portion of the tank and place the turnover device between the conveyor in the deep portion

of the tank and the conveyor in the shallow portion thereof.

He rejected all of the claims as being unpatentable over Roehl et al., No. 1,823,409, in view of Roehl, No. 1,834,182. The Board in its decision, while affirming the rejection of all of the claims by the Examiner for the reasons stated by him, evidently was of the opinion that even claim 1 reads directly upon Roehl et al., No. 1,823,409, except as to the location of the turnover device. Referring to said last-named patent, the Board stated: " * * * Since this patent discloses two conveyors in the shallow portion of the cooking vat it obviously discloses one conveyor in the shallow portion of the vat."

The Board, however, further continued as follows: "Aside from this observation that a claim of this type would be met specifically in the structure of the Roehl patent, it is our view that it would be obvious to modify the Roehl structure by omitting one of the conveyors, as the middle one for example, Fig. 2, and locating the turning machine at the point of junction between the deep and shallow portions of the vat. While such a modification would necessarily require some reorganization of the mechanism, it is our view that such change would be entirely within the skill of any mechanic experienced in this art and would not amount to a patentable change."

We are inclined to the view of appellant that those of his claims embracing more than one conveyor should be construed as relating to only one conveyor in the deep portion and only one conveyor in the shallow portion of the tank; but it is unnecessary for us so to decide, because, even so construed, we do not think them patentable in view of the cited art.

Appellant contends that it would not be obvious to one skilled in the art, from an examination of the specifications and drawings of the references, so to reconstruct the Roehl et al. machine as to produce a machine corresponding to appellant's claims; but the claims are a part of the references, and we think those hereinbefore quoted from Roehl et al., No. 1,823,409, suggest a modification of the structure shown in the drawings of that patent so that one skilled in the art could, without the exercise of invention, produce the structure claimed by appellant, especially in view of the fact that the patent recites that changes in the specific form of the invention disclosed, *within the scope of what is claimed,* may be made. Claim 1 of the patent recites: "Two conveyors for moving the doughnuts along said tank, a turn-over paddle disposed between said conveyors." Claim 2 contains the same element in the identical words above-quoted from claim 1. Claim 3 embraces "a submerged conveyor disposed within said tank, * * * a second conveyor disposed without said tank." While this claim does not embrace the turnover device, claims 1 and 2 do embrace it, and it clearly would be obvious that it would be desirable to place a turnover device embraced in said claims between the first submerged conveyor and the elevated conveyor embraced in claim 3.

As hereinbefore noted, claim 6 does not recite any conveyors, but is directed to the positioning of the turnover device between the deep and shallow portions of the tank. Claim 7 is likewise directed to the positioning of the turnover means between the deep and shallow portions of the tank, but ascribes to said turnover means the additional function of delivering partly cooked doughnuts to the elevated conveyor above the shallow portion of the tank. It is obvious, from what we have said with respect to those claims reciting more than one conveyor, that claims 6 and 7 also lack patentability in view of the cited references.

We are therefore of the opinion that the Board of Appeals was right in its conclusion that it would be obvious to one skilled in the art so to modify the structure shown in the specification and drawings of Roehl et al. to produce the structure claimed by appellant, without the exercise of invention. While it is true that neither the Examiner nor the Board of Appeals referred to the claims of the Roehl et al. patent, we think it is proper for us to do so in affirming the rejection of the claims here involved upon the reference Roehl et al., No. 1,823,409, in view of the reference Roehl, No. 1,834,182, and we are of the opinion that the rule announced by us in the case of In re Tucker & Reeves, 54 F.(2d) 815, 19 C.C.P.A. (Patents) 810, respecting reasons of appeal, has no application to the case at bar.

The reasons of appeal herein specifically claim that: "The Board of Appeals erred in holding that the modification and reorganization of the mechanism of the Roehl Patent No. 1,823,409 necessary to reproduce the structures of Claims 1 to 10, and each of them, would be entirely within the skill of any mechanic experienced in this art."

Inasmuch as we must find, for the reasons stated herein, that the Board of Appeals did not err in the holding complained of, the decision should be, and is, affirmed.

Affirmed.